```
UNITED STATES DISTRICT COURT                         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                        DOCUMENT
                                                     ELECTRONICALLY FILED
------------------------------------------------------------- X  DOC #:_____
                                                  :  DATE FILED: 08/17/17
INTERNATIONAL CARDS COMPANY, LTD., :
                                    Plaintiff,   :
                                                  :    13 Civ. 2576 (LGS)
                      -against-                   :
                                                  :    OPINION AND ORDER
MASTERCARD INTERNATIONAL INC.,      :
                                    Defendant.   :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff International Cards Company, Ltd. ("ICC") sued Defendant MasterCard International Inc. ("MasterCard") for breach of contract, among other claims. On the eve of trial, and almost four years after ICC brought suit, MasterCard filed its third motion for summary judgment on the contract claim based on an interpretation of the contract MasterCard had not previously advanced. The Court granted the motion. ICC moves for sanctions pursuant to the Court's inherent authority and 28 U.S.C. § 1927, arguing that MasterCard must pay more than $4.6 million in attorneys' fees and expenses that ICC allegedly incurred because MasterCard did not raise the dispositive contract interpretation earlier. For the following reasons, the motion is denied.

## I.  BACKGROUND

Familiarity with the facts, the parties' underlying contract and the procedural history is assumed. *See Int'l Cards Co. v. MasterCard Int'l Inc.*, No. 13 Civ. 2576, 2017 WL 1133425, at *1 (S.D.N.Y. Mar. 24, 2017). Only the facts pertinent to the instant motion are recounted.

In April 2013, MasterCard terminated ICC's Membership in the MasterCard payment network and related brand licenses (the "contract") that allowed ICC to acquire MasterCard-branded payment card transactions from merchants. The termination letter states that ICC had

"continued to delay payments to [m]erchants for transactions ICC acquired from those [m]erchants" in breach of the parties' contract.

Sixteen days after termination, ICC filed suit, asserting six causes of actions. Count One alleges a breach-of-contract claim arising under New York law based on MasterCard terminating the contract without first giving ICC notice and an opportunity to cure any alleged breach.

MasterCard sent a letter to ICC in June 2013, stating its intent to move to dismiss the claims other than the contract claim and providing the reasons for such a motion. In July 2013, ICC filed an Amended Complaint. MasterCard again sent a letter providing the reasons it would move to dismiss all claims but the contract claim. The parties then stipulated that ICC would amend its pleading to drop three of the six claims and MasterCard would file an answer and counterclaims, if any, rather than move to dismiss. In its Answer, MasterCard asserted counterclaims, including one breach-of-contract claim alleging that ICC breached the contract by failing to pay merchants on a timely basis.

In November 2015, MasterCard moved for summary judgment on ICC's remaining claims, which were the contract claim, a claim for conversion and a claim for breach of the implied covenant of good faith and fair dealing. As to ICC's contract claim, MasterCard argued that the contract authorized MasterCard to terminate without providing notice or opportunity to cure because ICC had breached the contract by failing to make timely payments to merchants. The Court denied summary judgment as to the contract claim and the conversion claim but granted it as to the other claim. The Court held that summary judgment on the contract claim was inappropriate because there was a genuine factual dispute about whether ICC's alleged late payments constituted a material breach of ICC's contractual obligations. The Court also denied as premature MasterCard's motion for summary judgment as to damages on ICC's contract

2

claim, explaining that this argument would be addressed along with any motion to exclude expert testimony pursuant to Federal Rule of Evidence 702. MasterCard moved for reconsideration on the contract claim, which the Court denied without requesting a response from ICC.

Both parties moved to exclude the other's experts, and MasterCard moved for summary judgment as to damages on ICC's contract claim. The Court denied the motions to exclude, and granted in part and denied in part MasterCard's motion for summary judgment as to damages. A jury trial was scheduled for April 3, 2017, on ICC's breach-of-contract claim and conversion claim and MasterCard's breach-of-contract counterclaims.

A final pretrial conference was held on March 15, 2017. At the conference, MasterCard asked for leave to move for summary judgment based on a new interpretation of the contract. In contrast to its previous interpretation, i.e., MasterCard had the right to terminate without giving notice or an opportunity to cure because ICC had failed to make timely payments to merchants, MasterCard asserted the contract gave it an unconditional right to terminate without cause. The parties briefed the question. Less than two weeks before the trial, the Court granted summary judgment in MasterCard's favor on the contract claim. It held that the contract authorized MasterCard to terminate ICC's membership without limitation as to time or cause and, as a result, MasterCard had a valid legal defense. The Court also held that, under the circumstances, MasterCard was not estopped or otherwise barred from asserting the legally correct interpretation of a contract. In light of MasterCard's failure to raise the interpretation earlier, the Court provided ICC the opportunity to move for attorneys' fees and costs that ICC would not have incurred if the defense had been raised at an appropriate time. The Court explained that any such motion must cite the specific legal and factual bases for any requested relief.

ICC moves for an award of it attorneys' fees and costs as sanctions imposed pursuant to the Court's inherent authority, 28 U.S.C. § 1927 or both. ICC seeks an award of $4,086,815 in attorneys' fees, and $560,990.38 in costs, which it asserts ICC would not have incurred if MasterCard had moved to dismiss ICC's contract claim under Federal Rule of Civil Procedure 12(b)(6) based on MasterCard's unconditional right of termination.

## II. STANDARD

A district court possesses inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process," which includes an "assessment of attorney's fees." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotation marks omitted). A court may not impose a sanction of attorney's fees and costs pursuant to its inherent power absent "clear evidence" that the challenged conduct is (1) "entirely without color," *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012), and (2) taken in bad faith, *Goodyear*, 137 S. Ct. at 1184 (sanction awarding attorney's fees under the court's inherent authority must be "limited to the fees the innocent party . . . would not have incurred but for the bad faith"); *accord Virginia Props., LLC v. T-Mobile Ne. LLC*, --- F.3d ----, No. 16-2973, 2017 WL 3197539, at *2 (2d Cir. July 28, 2017). Bad faith is conduct "motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012).

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The showing of bad faith required to support sanctions under 28 U.S.C. § 1927 is similar to that necessary to invoke the court's inherent power." *Enmon*, 675 F.3d at 143 (internal quotation marks omitted). Accordingly, the attorney's actions must be "so completely without

4

merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.*; *accord Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016). Whether acting under its inherent authority or § 1927, a court "focus[es] on the purpose rather than the effect of the sanctioned attorney's activities," *Enmon*, 675 F.3d at 145, and any finding of bad faith requires "a high degree of specificity in the factual findings," *Virginia Props.*, 2017 WL 3197539, at *2.

## III. DISCUSSION

Although the Court is mindful that it invited the instant motion, and finds the conduct of MasterCard's counsel reproachable, ICC's motion is denied because it fails to show that the belated timing of the defense is "entirely without color" or that MasterCard acted in bad faith.

ICC cites no legal authority to support its proposition that the prevailing party must pay the loser's fees and costs if that party fails to alert the loser of a facial deficiency in its claim at the earliest possible stage. Nor would this outcome be justified in these circumstances. This is not the case where the prevailing party concealed or falsified evidence or other pertinent facts. ICC could have ascertained the unambiguous meaning of the contract prior to filing suit or any time thereafter. Further, ICC's assertion of blamelessness is belied by the fact that it brought the contract claim at issue and vigorously litigated it until its dismissal. *See Almodovar v. N.Y.C. Candy Store Shop Corp.*, No. 16 Civ. 3795, 2017 WL 2874467, at *4 (S.D.N.Y. July 5, 2017) (denying motion for sanctions under a court's inherent authority and 28 U.S.C. § 1927, reasoning in part that the plaintiffs contributed to the delay at issue).

ICC adduces no evidence that MasterCard, or its counsel, intentionally concealed or disclaimed the dispositive interpretation prior to raising it in its motion in limine in October

2016, and then at the final pre-trial conference in March 2017. The contract's terms were available for scrutiny by both parties throughout the litigation.

ICC also does not adduce any circumstantial evidence that adequately supports a finding that MasterCard intentionally failed to raise its argument to delay or harass ICC. ICC does not cite any other examples in which MasterCard or its counsel proceeded in bad faith, nor did the Court observe such behavior during the course of the litigation. *See Enmon*, 675 F.3d at 148–49 ("[R]elevant to our [sanctions] inquiry is the fact that [a party's] behavior is repetitive." (internal quotation marks omitted)). MasterCard repeatedly attempted to eliminate ICC's claims, beginning with its letters early in the litigation, the parties' stipulation dismissing three of the six causes of action and MasterCard's initial motion for summary judgment on all of ICC's remaining claims. Lastly, the contention that MasterCard deliberately chose to wait almost four years to raise its dispositive argument is undercut by the substantial risk that MasterCard could have been barred from raising its interpretation as a result of its delay. On this record, the Court attributes MasterCard's conduct to neglect, not intentional misconduct.

ICC's contrary arguments are unavailing. ICC's theory that MasterCard's conduct was a deliberate attempt to punish ICC for bringing this lawsuit and to deter other licensees from doing the same is mere speculation. There is sparse evidence that would support any such theory, let alone evidence that would be sufficient to support factual findings with "a high degree of specificity" that MasterCard engaged in this conduct in bad faith. *Virginia Props.*, 2017 WL 3197539, at *2. ICC's declaration by a law professor who specializes in legal ethics and professional responsibility is unconvincing on this issue. The professor attests that although the "economic incentives" of a large company, which presumably includes MasterCard, "usually incentivize" the company to make a winning argument early in a case, that company "may have

6

more to gain in the long run by engaging in prolonged and intense litigation" against small companies, which presumably includes ICC. This assumption is insufficient to show bad faith or misconduct in this case.

ICC's alternative argument that the Court need not find bad faith is rejected. In support, ICC cites *United States v. Seltzer*, 227 F.3d 36 (2d Cir. 2000), which held that a finding of bad faith is not required for a court to impose certain sanctions for an "attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit" but instead is "a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court." *Id.* at 41–42. This exception to the bad faith requirement is inapplicable where, as here, the sanction is the imposition of attorneys' fees and costs for actions on behalf of a client in the litigation. As the Second Circuit in *Seltzer* held, "[w]hen a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney in the . . . conduct of the litigation, which actions are taken on behalf of a client, the district court must make an explicit finding of bad faith." *Id.* at 41–42 (internal quotation marks, alterations and citation omitted); *see also Wilson*, 702 F.3d at 724 (the "case law is clear that a district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party, whether a party or a party's counsel, acted in bad faith in engaging in the sanctionable conduct" (citing, e.g., *Seltzer*, 227 F.3d at 41–42)). MasterCard's conduct -- namely, changing its legal argument prior to trial -- constitutes "conduct of the litigation" that is "taken on behalf of a client" and does not fit within the *Seltzer* exception to the bad faith requirement. 227 F.3d at 40–42 (holding bad faith is not required for $350 sanction against attorney based on her tardiness in returning to court for the jury verdict).

In sum, while the Court finds that the course of this litigation has been regrettable, ICC has failed to demonstrate that MasterCard acted in bad faith or that an award of attorneys' fees and costs is otherwise warranted.

## IV. CONCLUSION

For the foregoing reasons, ICC's motion for sanctions is DENIED. The Clerk of Court is respectfully directed to close the motions at Docket Numbers 293 and 322.

Dated: August 17, 2017
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**